Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 563 | **DATE** | 1/25/2001 |
| **CASE TITLE** | Theophilus Green vs. Bruce Lichtcsien, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 2/8/2001 at 10:00 A.M.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Defendants' Motion to Dismiss [7-1] is granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | **Document Number** |
| | No notices required. | | JAN 26 2001 date docketed | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | C.S. docketing deputy initials | 21 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | FOR DOCKETING 01 JAN 25 PM 3:50 | | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JAN 2 6 2001

THEOPHILUS GREEN,

    Plaintiff,

v.

BRUCE LICHTCSIEN, LARRY EATON, and
BLATT, HAMMERSFAHR & EATON,

    Defendants.

No. 00 C 0563
Magistrate Judge Nan R. Nolan

## MEMORANDUM OPINION AND ORDER

Plaintiff Theophilus Green brings this pro se action against attorneys Bruce Lichtcsien and Larry Eaton and the law firm of Blatt, Hammersfahr & Eaton. Defendants move to dismiss Green's amended complaint. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART.

## DISCUSSION

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide its merits. Gibson v. Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). A motion to dismiss will be granted only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which entitles him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In reviewing a motion to dismiss, the court takes as true all factual allegations in the plaintiff's complaint and draws all reasonable inferences in his favor. Fredrick v. Simmons Airlines, Inc., 144 F.3d 500, 502 (7th Cir. 1998). The Court construes complaints drafted by pro se plaintiffs liberally. Mallett v. Wisconsin Div. of Vocational Rehabilitation, 130 F.3d 1245, 1248 (7th Cir.1997).

21

The Federal Rules of Civil Procedure do not require fact pleading. Federal Rule of Civil Procedure 8(a) requires only an identification of the basis of jurisdiction and a "short and plain statement of the claim showing that the pleader is entitled to relief." "[A] plaintiff in a suit in federal court need not plead facts; he can plead conclusions." Jackson v. Marion County, 66 F.3d 151, 153 (7th Cir. 1995). The conclusions need only provide the defendant with "at least minimal notice of the claim." Id. at 154.

Lichtcsien and Eaton are attorneys in the law firm of Blatt, Hammersfahr & Eaton. Lichtcsien and Eaton represented LifeUSA and Massachusetts Casualty Insurance Company in actions against Green in the United States Bankruptcy Court for the Northern District of Illinois. Green's current complaint contains three counts. The first count is entitled "Violation of Confidentiality and Invasion of Privacy to Deny Due Process." Count I alleges:

- Defendant Bruce Lichtcsien entered into a conspiracy that violated the Plaintiff's right to privacy and confidentiality of medical records in violation of ILCS 740 and the Federal Bill of Mental Health Rights by unlawfully sharing confidential medical information of the Plaintiff between their clients without court order;

- Defendant Bruce Lichtcsien entered into a conspiracy that sought and received confidential medical information from the Plaintiff's doctors, Ganellan Zak and Snider without court order in violation of ILCS 740;

- Defendant Bruce Lichtcsien entered into a conspiracy that violated the Plaintiff's confidentiality and right to privacy by misrepresenting his complaint to get a court order from Judge Katz to secure medical information from the Veteran's Administration and shared that information between his clients and in open court and during pleadings in violation of ILCS 740;

- Defendant Bruce Lichtcsien entered into a conspiracy that violated the Plaintiff's confidentiality and right to privacy by seeking and receiving confidential medical records of the Plaintiff from the City of Chicago and making them the basis of his pleadings without court order in violation of 740 ILCS.

Am. Cmplt., Count I, ¶¶ 1, 3, 5, and 7. Green's claims against Larry Eaton and the Blatt firm appear to derive from their supervision of Lichtcsien's actions. Id. at ¶¶ 2, 4, 6, and 8. Green alleges that Defendants' actions "created a conspiracy to intentionally defeat the Plaintiff's claim with their clients LifeUSA and MCIC for insurance claims and deny him due process." Id. at ¶ 9. Green further alleges that Judge Katz issued rulings in favor of LifeUSA and MCIC despite his knowledge that Defendants "claims constituted a conspiracy to deprive Plaintiff of his rights and that Defendant's clients claims were defective and had no basis in law or evidence." Id. at ¶ 10.

Green fails to identify which specific Act in chapter 740 of the Illinois statutes he relies on. Defendants presume that Green means to refer to Act 110 of chapter 740, Mental Health and Developmental Disabilities Confidentiality Act (the "Confidentiality Act), 740 ILCS 110/1 *et seq.* The Confidentiality Act prohibits the disclosure of confidential mental health and developmental disabilities treatment records without the written consent of the person receiving mental health services or that person's parent or guardian. 740 ILCS 110/3; 740 ILCS 110/4; 740 ILCS 110/5.

Defendants correctly note that the Confidentiality Act provides an exception to the general prohibition against disclosure of a patient's mental health records where a civil proceeding has been initiated involving the validity of or benefits under a life, accident, health or disability insurance policy. 740 ILCS 110/10(a)(7). The exception allows disclosure of mental health records in proceedings involving the validity of or benefits under a life, accident, health, or disability insurance policy "only if and to the extent that the recipient's mental condition, or treatment or services in connection therewith, is a material element of any claim or defense of any party." 740 ILCS 110/10(a)(7). Defendants argue that the exception applies in this case and Count I should be dismissed because MCIC sought to recover health care benefits paid to Green under a policy issued to him based upon an application which contained misrepresentations regarding his health care

-3-

history.

The Court can only dismiss Green's claim that Defendants violated the Confidentiality Act if it is clear that there are no set of facts which Green could prove consistent with his allegations which would entitle him to relief. The Court cannot resolve at this stage of the proceedings whether the exception relied upon by Defendants controls. Moreover, Green's amended complaint provides Defendants with sufficient notice of his Confidentiality Act claim. Because the Court cannot say that Green could prove no set of facts which would support his claim, Defendants' motion to dismiss the Confidentiality Act claim is denied.

Green also appears to bring Count I under the Restatement of Bill of Rights for Mental Health Patients, 42 U.S.C. § 10841, which restates the provisions of the Mental Health Bill of Rights, 42 U.S.C. § 9501. Section 10841 provides that "[i]t is the sense of the Congress that ... each State should review and revise, if necessary, its laws to ensure that mental health patients receive the protection and services they require, and that in making such review and revision, States should take into account the recommendations of the President's Commission on Mental Health and the following ... (1)(H) [t]he right to confidentiality of such person's records." Neither the Restatement of Bill of Rights for Mental Health Patients nor the Mental Health Bill of Rights creates enforceable federal rights or duties or a private right of action. Monahan v. Dorchester Counseling Center, Inc., 961 F.2d 987, 994-95 (1st Cir. 1992); N.A.M.I. v. Essex County Board of Freeholders, 91 F.Supp.2d 781, 786-87 (D. N.J. 2000); Croft v. Harder, 730 F. Supp. 342, 350-51 (D. Kan. 1989); Brooks v. Johnson and Johnson, Inc., 685 F. Supp. 107, 108-110 (E.D. Pa.. 1988). Accordingly, Green's allegations in Count I asserting violations of the Mental Health Bill of Rights or the Restatement of Bill of Rights for Mental Health Patients fail to state a claim and are dismissed.

Although not specifically pled under Counts I, II, or III, Green states that he is bringing this action pursuant to 42 U.S.C. §§ 1983 and 1985. Green also mentions 42 U.S.C. § 1981.[1] Defendants move to dismiss Green's section 1983 claim. Section 1983 provides that "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia . . ." deprives a person of his federal constitutional or statutory rights shall be liable in an action at law. 42 U.S.C. § 1983. To survive a motion to dismiss a § 1983 claim, a plaintiff must allege facts which show that the defendant(s) deprived him of a right secured by the Constitution or any law of the United States and the deprivation of that right resulted from the defendant(s) acting under color of law. Fries v. Helsper, 146 F.3d 452, 457 (7th Cir. 1998). Acting under color of state law is a necessary element of a § 1983 claim. "For an individual to act under color of law, there must be evidence of a concerted effort between a state actor and that individual." Id. To establish § 1983 liability through a conspiracy theory, Green must establish that: (1) a state official and private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights and (2) those individuals were "'willful participant[s] in joint activity with the State or its agents.'" Id.

Green's § 1983 claim must be dismissed because Defendants were not acting under color of state law. Defendants are not state officials. They are private attorneys and a private law firm. No state official is even mentioned in the amended complaint. Green appears to allege a conspiracy between the Defendants and Judge Katz to deprive Green of his due process rights, but this allegation does not help him state a § 1983 claim. Judge Katz, a federal bankruptcy court judge, is not a state official and thus, did not act "under color of state law." Tolefree v. Cudahy, 49 F.3d 1243 (7th Cir. 1995).

---

[1] Defendants do not move to dismiss Green's § 1981 claim.

Green's amended complaint also refers to § 1985(3). Green apparently alleges that Defendants conspired to deny him his constitutional right to due process. Section 1985(3) provides in relevant part: "If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators." 42 U.S.C. § 1985(3). "A plaintiff raising a claim under § 1985(3) must allege (1) the existence of a conspiracy, (2) a purpose of depriving a person or class of persons of equal protection of the laws, (3) an act in furtherance of the alleged conspiracy, and (4) an injury to person or property or a deprivation of a right or privilege granted to U.S. citizens." Majeske v. Fraternal Order of Police, Local Lodge No. 7, 94 F.3d 307, 311 (7th Cir.1996). A § 1985(3) claim must be predicated on some "racial, or perhaps otherwise class-based, invidiously discriminatory animus" behind the conspirators' actions. Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).

Green has not satisfied the second element above. Green does not allege that the Defendants were motivated by racial discriminatory motives. Rather, his amended complaint alleges that Defendants acted to "defeat the Plaintiff's claim with their clients LifeUSA and MCIC for insurance claims and deny him due process." Am. Cmplt., p. 8 ¶ 9. With respect to race, the amended complaint states only that Green is African-American and that he was the only African-American litigant in case number 97 B 32525. Green's allegations fail to state a claim under § 1985(3).

Count II of Green's Amended Complaint attempts to state a claim for intentional violation of Rule 11 of the Federal Rules of Civil Procedure and Rules 3.3 and 3.4 of the Rules of Professional Conduct for the Northern District of Illinois. No independent causes of action exist for alleged violations of Rule 11 of the Federal Rules of Civil Procedure or the Rules of Professional Conduct

for the Northern District of Illinois. Handeen v. Lamire, 112 F.3d 1339, 1345 fn.8 (8th Cir. 1997); Port Drum Co. v. Umphrey, 852 F.2d 148 (5th Cir. 1988); U.S. Equal Employment Opportunity Commission v. Illinois Dep't of Employment Security, 6 F.Supp.2d 784, 787 (N.D. Ill. 1998). Count II is dismissed.

Count III is entitled "Violation of Judicial Code of Conduct." Count III alleges: "The actions of Jude [sic] E.I. Katz constitute intentional negligence, purposeful infliction of financial, physical and emotion [sic] harm through failure to observe the Federal Civil Code, the Code of Judicial Conduct and the Ethical Standards of the Attorney Registration and Disciplinary Commission." Judge Katz is not named as a defendant and even if he was, he would be entitled to absolute immunity from damage suits challenging his judicial acts. Tolefree, 49 F.3d at 1243. In addition, the Code of Conduct for United States Judges does not create a private cause of action. Church of Scientology Int'l v. Kolts, 846 F.Supp. 873, 881-82 (C.D. Cal. 1994). Count III fails to state a claim and is dismissed.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART. The parties shall appear for a status hearing on February 8, 2001 at 10:00 a.m. to discuss discovery regarding Green's remaining claims based on 42 U.S.C. § 1981 and the Illinois Mental Health and Developmental Disabilities Confidentiality Act.

E N T E R:

*Nan R. Nolan*
**Nan R. Nolan**
**United States Magistrate Judge**

Dated: Jan. 25 2001